**WO**  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Holquin Soliz, IV, | No. CV 09-1555-PHX-JAT (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Herb Haley, et al., | |
| Defendants. | |

Plaintiff Frank Holquin Soliz, IV, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On January 7, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On March 17, 2010, after receiving an extension of time, Plaintiff filed an Amended Complaint (Doc. #14). The Court will order Defendants Haley, Bowman, Matson, Branch, Ramos, Lynch, Fajardo, Neal, and Mevans to answer Count I of the Amended Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Protective Segregation (PS) Administrator/PS Committee Member Herb Haley; PS Committee Members Bowman, Matson, and Branch; Deputy Warden Ramos; SSO Officer Lynch; SSU Sergeant Fajardo; Deputy Warden Fizer; Lieutenant Neal; and Sergeant Mevans.

Plaintiff raises four grounds for relief:

(1) Plaintiff's Eighth Amendment rights were violated when he was denied protective segregation for more than two years, despite being the victim of multiple assaults, and when he was housed outside in a caged area for two- to three-day increments without food and very little water;

|   |   |
|---|---|
| 1 | (2) Plaintiff's Fourteenth Amendment rights were violated by the incidents described in Count One; |
| 3 | (3) Plaintiff's First Amendment rights were violated when Defendants retaliated against him; and |
| 5 | (4) Defendants engaged in a conspiracy to harm Plaintiff. |

Plaintiff seeks declaratory relief and money damages.

**III.  Claims for Which an Answer Will be Required**

In Count I, Plaintiff claims that Defendants Haley and the Protective Segregation Committee members denied his repeated requests for protective segregation from 2007 through early 2009. Plaintiff alleges that for nearly three years, he was repeatedly assaulted by other inmates in various general population units throughout the Sate and that Defendants were aware of the assaults but denied protective segregation status to Plaintiff. Plaintiff further alleges that Defendants Ramos, Lynch, and Fajardo placed him in an outdoor cage without food and very little water for two- or three- day increments after being ordered to "use any means necessary to make Plaintiff go to a G[eneral] P[opulation] building." Plaintiff alleges that Defendants Neal and Mevans issued that order.

Liberally construed, these allegations adequately state Eighth Amendment claims and the Court will require Defendants Haley, Bowman, Matson, Branch, Ramos, Lynch, Fajardo, Neal, and Mevans to answer Count I.

**IV.  Failure to State a Claim**

**A.  Defendant Fizer**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not made any allegations against Defendant Fizer and has therefore failed to state a claim against him. Defendant Fizer will be dismissed.

**B.  Count II**

In Count II, Plaintiff claims that his Fourteenth Amendment due process rights were

violated by the facts alleged in Count I. Plaintiff has not alleged facts sufficient to demonstrate a separate, due process violation. Because Counts I and II rely on the same facts, the Court will dismiss Count II as duplicative.

### C. Count III

In Count III, Plaintiff alleges that "Defendants used everything they could to stop him from exposing the prior events by punishing him . . . Defendants subjected Plaintiff to the acts complained of in order to be able to say 'see he has no problem with the Mexican Mafia.'"

To state a retaliation claim, an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest." Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997). As stated above, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Plaintiff's conclusory allegations against Defendants as a group are insufficient to state a claim. Plaintiff has not alleged facts demonstrating how each of the individually named Defendants retaliated against him for the exercise of a constitutionally protected right. The Court will therefore dismiss Count III for failure to state a claim.

### D. Count IV

In Count IV, Plaintiff claims that Defendants conspired to violate his constitutional rights. In the absence of a specific allegation of "an agreement or meeting of the minds," a plaintiff's conclusory allegations that persons conspired against him will "not support a claim for violation of his constitutional rights under § 1983." Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff has failed to state a claim because he has presented no specific facts to support his claim that Defendants entered into a conspiracy. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (the mere allegation of conspiracy without factual specificity is insufficient). Allegations of conspiracy must be supported by material facts, not mere conclusory statements. Fonda v. Gray, 707

F.2d 435, 438 (9th Cir. 1983); see also Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) (allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds"). The Court will dismiss Count IV for failure to state a claim.

**V.    Motion**

On March 17, 2010, Plaintiff filed a "Motion for Correct Locations and Addresses of Defendants that the Court Orders Served" (Doc. #13). Plaintiff requests that the Court order the Attorney General's office to provide location information and current addresses for Defendants. Plaintiff's Motion is premature and the Court will deny it without prejudice. Because the Amended Complaint has not been served, the Attorney General's office has not yet entered an appearance as counsel for Defendants. Plaintiff should attempt to complete the service packets to the best of his ability. If Plaintiff is unable to serve a specific Defendant, Plaintiff may renew his Motion as to that Defendant.

**VI.   Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's March 17, 2010 Motion for Correct Locations (Doc. #13) is **denied without prejudice**.

(2)     Counts II, III, and IV of the Amended Complaint and Defendant Fizer are **dismissed** without prejudice.

(3)     Defendants Haley, Bowman, Matson, Branch, Ramos, Lynch, Fajardo, Neal, and Mevans must answer Count I of the Amended Complaint.

(4)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #14), this Order, and both summons and request for waiver forms for Defendants Haley, Bowman, Matson, Branch, Ramos, Lynch, Fajardo, Neal, and Mevans.

(5)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7)     The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(8)     The United States Marshal must notify Defendants of the commencement of

1 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
2 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
3 Marshal must immediately file requests for waivers that were returned as undeliverable and
4 waivers of service of the summons.  If a waiver of service of summons is not returned by a
5 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
6 Marshal must:

       (a)    personally serve copies of the Summons, Amended Complaint, and this Order upon  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

       (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . .

. . .

(12) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of April, 2010.

_____
James A. Teilborg
United States District Judge