IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Holquin Soliz, IV, | ) No. CV 09-1555-PHX-JAT (ECV) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| Herb Haley, et al., | ) |
| Defendants. | ) |

Plaintiff Frank Holquin Soliz, IV, who is confined in the Arizona State Prison Complex (ASPC)-Lewis-Buckley in Buckeye, Arizona, filed this *pro se* civil rights action against various employees of the Arizona Department of Corrections (ADC). (Doc. 1, 14.) Defendants Herb Haley, Alfred Ramos, John Lynch, James Fajardo, and Maria Evans move to dismiss certain claims and parties from the First Amended Complaint.[1] (Doc. 27.) The Court issued an Order, required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), informing Plaintiff of his obligation to respond and the evidence necessary to rebut Defendants' contentions. (Doc. 30.) Plaintiff filed no response, and the motion is ready for ruling.

The Court will grant the Motion to Dismiss.

---

[1] Defendants Matson, Neal, Branch, and Bowman have not been served. (Docs. 18-21.) On July 15, 2010, the Court issued an Order to Show Cause why these Defendants should not be dismissed for failure to serve. (Doc. 32.)

## I. Background

In Count I of the First Amended Complaint, Plaintiff claimed that Defendants violated his Eighth Amendment rights. Plaintiff asserted that Haley and the Protective Segregation Committee members denied his repeated requests for protective segregation (PS) from 2007 through early 2009. Plaintiff alleged that for nearly three years, he was repeatedly assaulted by other inmates in various general population (GP) units throughout the state and that Defendants were aware of the assaults but denied PS status to Plaintiff. Plaintiff further alleged that, on orders from Neal and Mevans,[2] Ramos, Lynch, and Fajardo placed Plaintiff in outdoor cages without food and very little water for two- or three- day increments after being ordered to "use any means necessary" to make Plaintiff go to GP. (Doc. 14 ¶ 12.)

The Court directed Haley, Bowman, Matson, Branch, Ramos, Lynch, Fajardo, Neal, and Mevans to answer Count I of the Amended Complaint and dismissed the remaining claims and Defendants. (Doc. 15.)

Defendants now ask that the claims in Count I regarding placement in outside holding enclosures be dismissed for failure to exhaust administrative remedies and that Ramos, Lynch, Fajardo, and Evans be dismissed. (Doc. 27.)

## II. Motion for Partial Dismissal

### A. Legal Standard—Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

---

[2]Mevans, identified as Sergeant #5503, is Maria Evans. (Doc. 25.)

- 2 -

1          Exhaustion is an affirmative defense. <u>Jones v. Bock</u>, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. <u>Id.</u> at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Parties Contentions**

    **1.     Defendants**

In support of their motion, Defendants submit the declaration of Aurora Aguilar (Doc. 29, Ex. 1, Aguilar Decl.) and attachment, Department Order (DO) 802, *Inmate Grievance System* (<u>id.</u>, Attach. A).

Defendants assert that the ADC grievance procedure is set forth in DO 802. (<u>Id.</u>, Aguilar Decl. ¶ 3.) It can be used for "complaints related to any aspect of institutional life or condition of confinement. . . ." (<u>Id.</u> ¶ 4.) It is a multi-level administrative remedy: (1) an inmate must try to resolve his complaint through informal means, such as discussion with staff; (2) if the inmate is unable to resolve the issue through informal means, he must file an Inmate Letter with his Correctional Officer III; (3) if the inmate is not satisfied with the response, he may file a formal grievance to the grievance coordinator, to be answered by the Deputy Warden; (4) if the inmate is not satisfied with the response of the Deputy Warden, he may file a grievance appeal to the Warden; (5) if the inmate is not satisfied with the response to the grievance appeal, he may appeal to the ADC Director. (<u>Id.</u> ¶ 5.) The Director's response is final, thus exhausting available administrative remedies for standard grievances. (<u>Id.</u> ¶ 6.)

Aguilar attests that if an inmate appeals to the Director, there will be a record of that in the Grievance Appeal Log and Grievance Appeal File. (<u>Id.</u> ¶ 10.) She further attests that she looked for records of grievance appeals filed regarding being kept in outside cages and

being provided little food and water and determined that Plaintiff did not appeal these issues. (Id. ¶¶ 11-12.)

### 2. Plaintiff

As previously noted, Plaintiff did not file a response to the motion. Because a verified complaint may be used as an affidavit opposing a motion if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set forth in Plaintiff's First Amended Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). As to Count I, Plaintiff indicated that he did not file a grievance because "classification and placement are not grievable." (Doc. 14 at 3.)

### C. Analysis

The Court will grant the motion because Defendants have met their burden to demonstrate the availability of an administrative procedure, what the steps of such a procedure are, and that Plaintiff failed to exhaust available remedies.

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so. (Doc. 30.) He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence. (Id. at 1-2).

Plaintiff failed to respond. Thus, Plaintiff has not rebutted Defendants' evidence that a grievance procedure was available and that Plaintiff did not file any grievances regarding his placement in outdoor cages with little food and water.

The Court will grant the motion and dismiss the claims regarding placement in outdoor cages and providing Plaintiff with little food or water. Because no other claims remain against Ramos, Lynch, Fajardo, and Evans, they are dismissed as Defendants.

### III. Lack of a Response to the Motion to Dismiss

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility. (Doc. 30 at 1-2.) The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the

District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor—favoring disposition of cases on their merits—weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

## IV.    Order to Show Cause

As noted, on July 15, 2010, the Court issued an Order to Show Cause, giving Plaintiff 20 days to show why Defendants Matson, Neal, Branch, and Bowman should not be dismissed for failure to serve. (Doc. 32.) Plaintiff did not respond. The Court will dismiss these Defendants for failure to serve them as required by Federal Rule of Civil Procedure 4(m).

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 27).

(2) Defendants' Motion to Dismiss (Doc. 27) is **granted**. The claims regarding placement in outdoor and being provided little food and water are dismissed without prejudice for lack of exhaustion or alternately, for failure to respond, and Ramos, Lynch, Fajardo, and Evans are dismissed as Defendants.

(3) Defendants Matson, Neal, Branch, and Bowman are dismissed for failure to serve.

(4) The remaining claim is against Haley for denial of PS.

DATED this 23rd day of August, 2010.

_____
James A. Teilborg
United States District Judge